STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                        DOCKET NO. CV-04-328

                                                 PAF-YOK- 1/6/16

ELAINE CONNOLLY,

                 `Plaintiff


        v.                              **ORDER AND DECISION**


HENRIETTA D. GOODALL
HOSPITAL, INC., et als,

            Defendants


Elaine Connolly is a registered nurse who was employed by the defendant Henrietta D. Goodall Hospital, Inc. as a nursing shift supervisor. On August 31, 2004 Ms. Connolly participated in a panel discussion in New York regarding health care that was sponsored by the Democratic National Committee. While participating in those discussions Ms. Connolly made comments that were critical of President Bush's health care policies and made reference to how an unnamed patient at her hospital had received what she believed to be inadequate rushed care because of his uninsured status. Her comments were reported in part in a portion of a *Portland Press Herald* article of September 1, 2004. These brief comments apparently deeply offended hospital officials and Ms. Connolly was quickly subjected to a one-day suspension without pay. Notice of that suspension was sent by the hospital to the Maine Board of Nursing which licenses Ms. Connolly.

The plaintiff filed a seven count complaint in this court which included Count I based on the federal civil rights law found at 42 U.S.C. §1983, Count II based on the Maine Whistleblowers' Protection Act at 26 M.R.S.A. §§831-*et seq.*, Count III based on

the Maine Civil Rights Act at 5 M.R.S.A. §§4681-*et seq.*, Count IV based on contract, Count V based on defamation, Count VI based on intentional interference with advantageous economic relations, and Count VII based on the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§1961 and 1962.

The defendants removed this case to United States District Court which dismissed Counts I and VII. The Court of Appeals affirmed and the remaining counts were remanded to the Superior Court. The defendants have moved to dismiss Counts II, III and VI. That motion has been briefed and argued.

### COUNT II – WHISTLEBLOWERS' PROTECTION ACT

Count II was brought pursuant to the Maine "Whistleblowers' Protection Act" found at 26 M.R.S.A. §§831-*et seq.* That act protects an employee from a variety of adverse employment actions if,

> "**A.** The employee, acting in good faith, or a person acting on behalf of the employee, reports orally or in writing to the employer or a public body what the employee has reasonable cause to believe is a violation of a law or rule adopted under the laws of this State, a political subdivision of this State or the United States. **B.** The employee acting in good faith, or a person acting on behalf of the employee, reports to the employer or a public body, orally or in writing, what the employee has reasonable cause to believe is a condition or practice that would put at risk the health or safety of that employee or any other individual. The protection from discrimination provided in this section specifically includes school personnel who report safety concerns to school officials with regard to a violent or disruptive student; and **C.** The employee is requested to participate in an investigation, hearing or inquiry held by that public body, or in a court action."

See 26 M.R.S.A. §833(1).

The Legislature has defined "Public Body" at 26 M.R.S.A. §833(4) as follows:

"Public body" means all of the following: **A.** A state officer, employee, agency, department, division, bureau, board, commission, council, authority or other body in the executive branch of State Government; **B.** An agency, board, commission, council, member or employee of the legislative branch of State Government; **C.** A county, municipal, village,

2

intercounty, intercity or regional governing body, a council, school district or municipal corporation, or a board, department, commission, council, agency or any member or employee thereof; **D.** Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body; **E.** A law enforcement agency or any member or employee of a law enforcement agency; and **F.** The judiciary and any member or employee of the judiciary.

In this case Ms. Connolly was punished for statements made at a political event. The question is not whether her statements were accurate or not, whether she should have been disciplined or not or even whether the hospital should have embraced her desire for more money for the care of the poor. Rather the question is whether she reported to the employer or a public body. While she has stated that she had previously brought her concerns, assuming them to be within the protected reporting under the Whistleblowers' Protection Act, to the attention of higher level officials at the hospital she did not directly do so here. Likewise, a panel of officials of any political party cannot be considered to be a "Public body" as the Maine legislature defined it. An individual member of the panel, such as the Governor of Iowa, might be within the meaning of "Public body" in his home state, if Iowa had an identical law, but he is not within the Maine Legislature's definition of "Public body." The definition of "Public body" is meant to refer to Maine officials and components of Maine government not Governors, Senators or Representatives from other states. Her comments are not protected under the Maine Whistleblowers' Protection Act.

While "prior notice to an employer is not required if the employee has specific reason to believe that reports to the employer will not result in promptly correcting the violation, condition or practice", 26 M.R.S.A. §833(2), this exemption only applies if the employee has, at least, reported a violation or unsafe practice or condition to a "Public body".

3

Since the statements were made to a panel sponsored by the Democratic National Committee which does not contain any individuals who would meet the definition of "Public body" found at 26 M.R.S.A. §833(4), Count II must be dismissed.

## COUNT III – MAINE CIVIL RIGHTS ACT

Count III was brought pursuant to the "Maine Civil Rights Act", 5 M.R.S.A. §§4681-*et seq.* The Maine legislature has authorized the bringing of a civil action by an aggrieved person,

> "Whenever any person, whether or not acting under color of law, intentionally interferes or attempts to intentionally interfere by physical force or violence against a person, damage or destruction of property or trespass on property or by the threat of physical force or violence against a person, damage or destruction or property or trespass on property with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State or violates section 4684-B, the person whose exercise or enjoyment of these rights has been interfered with, or attempted to be interfered with, may institute and prosecute in that person's own name and on that person's own behalf a civil action for legal or equitable relief."

This law applies to "any person, whether or not acting under color of state law" and would potentially apply to the hospital and its officials. Also see 5 M.R.S.A. §4684 which makes this proposition even clearer by stating that the protections exist "regardless of whether the specific interference complained of is performed or attempted by private parties."

However, in this case there is no allegation of or evidence of the use of physical force or violence, damage or destruction of property, trespass on property or the threat of the same. No hospital official hit her, shot her, lynched her, burnt her house, trespassed upon her property or otherwise violated this law. The Maine Civil Rights Act was not designed to encompass all potential interferences with civil rights. The precise words chosen by the Legislature cannot be cast aside. The law focuses on force,

4

violence, damage or destruction of property or trespass, none of which exist here. The Maine statute expands 42 U.S.C. §1985(3) but does not include all possible violations of civil rights. *See Andrews v. Department of Environmental Protection*, 1998 ME 198, ¶23, 716 A.2d 212, 220. Count III will be dismissed.

## COUNT VI – INTERFERENCE WITH ADVANTAGEOUS ECONOMIC RELATIONS

Count VI was brought based on a claimed intentional interference with advantageous relations. In order to prevail Ms. Connolly must establish the existence of a contract or prospective economic advance, interference through fraud or intimidation and damages that are proximately caused by the interference. The loss of the day's pay can be resolved through Count IV, the contract claim. As the Board of Nursing "voted to take no action on the provider (Goodall) report and considers the matter closed" the cause of action in Count VI fails.

The entry is:

Counts II, III and VI of the complaint are dismissed.


Dated:        January 6, 2006


Thomas Connolly, Esq. - PL
James Erwin, Esq. - DEFS

Paul A. Fritzsche
Justice, Superior Court

5